UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOPHANEY HYPPOLITE,

       Petitioner,

v.                         Case No:  2:16-cv-300-FtM-29NPM
                                  Case No. 2:11-CR-97-FTM-29CM

UNITED STATES OF AMERICA,

       Respondent.

_____

## OPINION AND ORDER

This matter comes before the Court on Petitioner Jophaney Hyppolite's (Petitioner or Hyppolite) *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Cr. Doc. #671; Cv. Doc. #1)[1] and Memorandum of Law to Support (Cr. Doc. #672; Cv. Doc. #2) filed on April 21, 2016. The United States filed a Response in Opposition on May 23, 2016, to which Petitioner filed a Reply on June 8, 2016. (Cv. Docs. #8; #9). Petitioner also filed a Sworn Declaration on September 18, 2017. (Cv. Doc. #12-5). For the reasons set forth below, Petitioner's § 2255 motion is denied.

Also pending before the Court are Petitioner's Motion to Amend (Cv. Doc. #10), Motion for Leave to Amend His Original Pending

---

[1] The Court will refer to the underlying criminal docket, 2:11-cr-00097-JES-CM-8, as "Cr. Doc.," and will refer to the civil docket as "Cv. Doc."

Motion to Vacate (Cv. Doc. #11), and Third Amendment to Motion to Vacate (Cv. Doc. #12). Hyppolite's motions to amend are granted to the extent the Court will consider these claims as set forth below.

## I. Procedural History

On September 5, 2012, a federal grand jury in Fort Myers, Florida returned a twelve-count Second Superseding Indictment charging Petitioner and six co-defendants with various drug offenses. (Cr. Doc. #282). Count One charged Petitioner and six others with conspiracy to manufacture, possession with intent to distribute, and distribution of 280 grams or more of cocaine base, also known as crack cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(iii) and 846. (Id., pp. 1-2). In addition to the conspiracy, Petitioner was charged in Count Six with knowing and willful distribution and aiding and abetting the distribution of cocaine base, also known as crack cocaine, on or about June 29, 2011, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) and 18 U.S.C. § 2. In Count Eleven, Hyppolite was charged with knowing and willful distribution and aiding and abetting the distribution of crack cocaine on or about September 27, 2011 in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). On September 14, 2012, the government filed a notice of intent to enhance Hyppolite's sentence

under 21 U.S.C. § 851 because he had at least two qualifying prior drug convictions. (Cr. Doc. #324).

The Court conducted an eleven-day trial. After the government's case-in-chief, defense counsel moved for judgment of acquittal on Counts One, Six, and Eleven. (Cr. Doc. #497, pp. 72-73). The Court granted the motion as to Count Six only, finding the government's witness did not identify Hyppolite as a participant in the controlled buy on June 29, 2011. (Id., pp. 83-84). On October 5, 2012, the jury returned a verdict finding Hyppolite guilty of Counts One and Eleven. (Cr. Doc. #383, pp. 1, 7). As to Count One, the jury found that the amount of cocaine base involved in the conspiracy was more than 280 grams. (Id., pp. 2-3).

Hyppolite was sentenced on January 23, 2013. (Cr. Doc. #449). Because Hyppolite was found guilty of a conspiracy involving more than 280 grams of cocaine based under 21 U.S.C. § 841(b)(1)(A)(iii) and had three prior felony drug convictions, he faced a mandatory term of life imprisonment. The undersigned sentenced Petitioner to a term of life imprisonment as to Count One, and 30 years of imprisonment as to Count Eleven, to be served concurrently. (Cr. Doc. #449, p. 2). In addition, the undersigned imposed a term of supervised release of ten years as to Count One and six years as to Count Eleven to run concurrently. (Id., p. 3).

Petitioner filed a Notice of Appeal on January 27, 2013. (Cr. Doc. #452). On direct appeal, Hyppolite raised the following six issues: (1) there was insufficient evidence to support a conviction for a single conspiracy under Count One; (2) he was denied due process due to the particular informants who participated in the government's investigation; (3) the district court failed to provide a multiple conspiracy jury instruction and submit a special verdict for finding individual drug quantity attributable to Hyppolite; (4) the district court erred in imposing the drug premises enhancement; (5) the district court erred in imposing the manager role enhancement; and (6) the government's 21 U.S.C. § 851 notice was defective, misleading, and unconstitutional. (See Appellant's Br., United States v. Hyppolite, 13-10471 (11th Cir. Nov. 25, 2013)). On June 25, 2015, the Eleventh Circuit affirmed Petitioner's convictions. See United States v. Hyppolite, 609 F. App'x 597, 612 (11th Cir. 2015). Hyppolite did not petition for a writ of certiorari with the Supreme Court of the United States.

Now, Hyppolite seeks relief under 28 U.S.C. § 2255. The government concedes that he timely filed his § 2255 motion (Cv. Doc. #8, p. 4), and the Court agrees.

## I.  Legal Standards

### A. Evidentiary Hearing and Appointment of Counsel

A district court shall hold an evidentiary hearing on a habeas corpus petition "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief[.]"  28 U.S.C. § 2255(b).  "[I]f the petitioner alleges facts that, if true, would entitle him to relief, then the district court should order an evidentiary hearing and rule on the merits of his claim."  Aron v. United States, 291 F.3d 708, 714-15 (11th Cir. 2002) (citation omitted).  However, a district court is not required to hold an evidentiary hearing where the petitioner's allegations are patently frivolous, based upon unsupported generalizations, or affirmatively contradicted by the record.  See id. at 715.

To establish entitlement to an evidentiary hearing, petitioner must "allege facts that would prove both that his counsel performed deficiently and that he was prejudiced by his counsel's deficient performance."  Hernandez v. United States, 778 F.3d 1230, 1232-33 (11th Cir. 2015).  The Court finds that the record establishes that Petitioner is not entitled to relief and, therefore, an evidentiary hearing is not required.

Because Petitioner's motion for an evidentiary hearing is denied, appointment of counsel is not required under Rule 8(c),

Rules Governing Section 2255 Proceedings for the United States District Court. Petitioner is not otherwise entitled to appointment of counsel in this case. See Barbour v. Haley, 471 F.3d 1222, 1227 (11th Cir. 2006) (stating there is no Sixth Amendment right to counsel in post-conviction collateral proceedings); see also Schultz v. Wainwright, 701 F.2d 900, 901 (11th Cir. 1983) ("Counsel must be appointed for an indigent federal habeas petitioner only when the interest of justice or due process so require."). Neither the interest of justice nor due process requires the appointment of counsel here.

## B. Ineffective Assistance of Trial and Appellate Counsel

The legal standard for ineffective assistance of counsel claims in a habeas proceeding is well established. To prevail on a claim of ineffective assistance of counsel, a habeas petitioner must demonstrate both that (1) counsel's performance was deficient because it fell below an objective standard of reasonableness and (2) prejudice resulted because there is a reasonable probability that, but for the deficient performance, the result of the proceeding would have been different. See Hinton v. Alabama, 571 U.S. 263, 272-73 (2014) (citing Strickland v. Washington, 466 U.S. 668, 687, 694 (1984) and Padilla v. Kentucky, 559 U.S. 356, 366 (2010)). "Because a petitioner's failure to show either deficient performance or prejudice is fatal to a Strickland claim, a court

need not address both Strickland prongs if the petitioner fails to satisfy either of them." Kokal v. Sec'y, Dep't of Corr., 623 F.3d 1331, 1344 (11th Cir. 2010) (citations omitted).

The proper measure of attorney performance is "simply reasonableness under prevailing professional norms" considering all the circumstances. Hinton, 571 U.S. at 273 (internal quotations and citations omitted). "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland, 466 U.S. at 689; see also Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (stating courts must look to the facts at the time of counsel's conduct). This judicial scrutiny is highly deferential, and the Court adheres to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. See Strickland, 466 U.S. at 689-90.

To be objectively unreasonable, the performance must be such that no competent counsel would have taken the action. See Rose v. McNeil, 634 F.3d 1224, 1241 (11th Cir. 2011); see also Hall v. Thomas, 611 F.3d 1259, 1290 (11th Cir. 2010). Additionally, an attorney is not ineffective for failing to raise or preserve a meritless issue. See United States v. Winfield, 960 F.2d 970, 974

(11th Cir. 1992); see also Ladd v. Jones, 864 F.2d 108, 109-10 (11th Cir. 1989).

The same deficient performance and prejudice standards apply to appellate counsel.  See Smith v. Robbins, 528 U.S. 259, 285-86 (2000); see also Roe, 528 U.S. at 476-77.  If the Court finds there has been deficient performance, it must examine the merits of the claim omitted on appeal.  If the omitted claim would have had a reasonable probability of success on appeal, then the deficient performance resulted in prejudice.  See Joiner v. United States, 103 F.3d 961, 963 (11th Cir. 1997).  Counsel is not deficient for failing to raise non-meritorious claims on direct appeal.  See Diaz v. Sec'y for the Dep't of Corr., 402 F.3d 1136, 1144-45 (11th Cir. 2005).

## II.  Analysis

Petitioner raises a total of seven grounds for relief.[2] First, Petitioner argues trial counsel erred in failing to object to the Court's imposition of two separate sentences for his offenses when they were grouped together under U.S.S.G. § 3D1.2(d) for the purpose of calculating his Sentencing Guidelines range.

---

[2] The government argues Grounds One through Five are procedurally barred.  (Cv. Doc. #8, pp. 5-6).  The Court disagrees because claims of ineffective assistance of counsel are not subject to procedural default.  See Massaro v. United States, 538 U.S. 500, 504 (2003).  The Court, therefore, will address the merits of Hyppolite's claims.

(Cr. Docs. #671, p. 4; #672, pp. 3-4; Cv. Doc. #1, p. 4; #2, pp. 3-4).  Second, Petitioner argues (a) trial and appellate counsel failed to assert that the district court erred in failing to find the amount of crack cocaine attributable to him for sentencing purposes and (b) trial counsel failed to argue the evidence was insufficient to find the entire amount of crack cocaine involved in the conspiracy was attributable to him.  (Cr. Docs. #671, pp. 5-6; #672, pp. 4-5; Cv. Docs. #1, pp. 5-6; #2, pp. 4-5; #11).  Third, Hyppolite asserts trial counsel was ineffective in failing to object to the calculation of his criminal history points.[3]  (Cr. Docs. #671, p. 7; #672, pp.5-6; Cv. Doc. #1, p. 7; #2, pp. 5-6).

Fourth, Petitioner claims appellate counsel erred in failing to assert on appeal that there was insufficient evidence to convict him under Count Eleven.  (Cr. Doc. #671, pp. 8-9; #672, pp. 6-7; Cv. Doc. #1, pp. 8-9; #2, pp. 6-7).  Fifth, Petitioner contends appellate counsel failed to raise on appeal that Hyppolite's mere presence in the illegal activities was insufficient to sustain his conviction for conspiracy under Count One.  (Cr. Doc. #672, pp. 7-8; Cv. Doc. #2, pp. 7-8).  Sixth, Petitioner claims, pursuant to Mathis v. United States, 136 S. Ct. 2243 (2016), that his prior conviction under Fla. Stat. § 893.13(1) does not qualify him as a

---

[3] Petitioner appears to abandon Ground Three in his Reply.  (Cv. Doc. #9, p. 5).  Out of the abundance of caution, the Court will address the merits of this ground for relief.

career offender for purposes of sentencing, and thus he must be resentenced. (Cv. Doc. #10). Lastly, he argues trial counsel rendered ineffective assistance during plea discussions. (Cv. Doc. #12). The Court addresses each in turn.

## A. Ground One: Failure to Object to Imposition of Separate Sentences

Petitioner first argues defense counsel rendered ineffective assistance in failing to object to the District Court's imposition of two separate sentences for his offenses of convictions when the offenses were grouped under U.S.S.G. § 3D1.2(d) to calculate his Guidelines range. (Cr. Docs. #671, p. 4; #672, pp. 3-4; Cv. Doc. #1, p. 4; #2, pp. 3-4). He also states appellate counsel erred in failing to assert this argument on appeal. (Cr. Docs. #671, p. 4; #672, pp. 3-4; Cv. Doc. #1, p. 4; #2, pp. 3-4). The government maintains, in part, that Petitioner cannot show prejudice because he confronted a mandatory life sentence under Count One, which superseded his otherwise-applicable Guidelines range. (Cv. Doc. #8, pp. 8-10). The Court agrees with the government.

Although Hyppolite's conspiracy and distribution convictions were grouped for the purposes of calculating his Sentencing Guidelines range, the Court imposed separate sentences as to each conviction. Petitioner says the imposition of two sentences amounted to procedural error. The Court disagrees. Indeed, the former Fifth Circuit has admonished judges to avoid general

sentences because it is more desirable to impose a separate sentence on each count. See United States v. Johnson, 588 F.2d 961, 964 (5th Cir. 1979) (citation omitted) ("We reiterate, however, that such general sentences are bad business, leaving all, including this Court, in a state of uncertainty as to just what has been done. All the defendant, probation officers, this Court, and prison/parole authorities should be informed of the specific sentence on each count[.]"). Petitioner's claim that this Court should have imposed a general (grouped) sentence lacks any foundation in the law and, as a result, counsel was not ineffective for failing to make this objection.

Hyppolite has also failed to demonstrate prejudice. As the government points out, Hyppolite faced a mandatory minimum sentence of life imprisonment as to Count One, which supplanted his otherwise-applicable Guidelines range. (Cv. Doc. #8, pp. 8-10). What is more, Petitioner fails to allege, let alone demonstrate, how his sentence would have been more favorable had counsel asserted this objection. Because the Court finds no ineffective assistance of trial or appellate counsel, Ground One is denied.

**B. Ground Two:  Quantity of Crack Cocaine**

Petitioner asserts two challenges under Ground Two. First, Petitioner argues that both trial and appellate counsel failed to

assert that the District Court erred in failing to make an individualized finding as to the amount of crack cocaine attributable to him for sentencing purposes. (Cr. Docs. #671, pp. 5-6; #672, pp. 4-5; Cv. Docs. #1, pp. 5-6; #2, pp. 4-5). Second, he contends trial counsel erred in failing to argue the evidence was insufficient to find he conspired to manufacture, possess with intent to distribute, and distribute more than 280 grams of crack cocaine.[4] (Cv. Doc. #11). The Court finds both challenges fail for the following reasons.

First, the jury found beyond a reasonable doubt that the amount of cocaine base involved in the conspiracy under Count One exceeded 280 grams. (Cr. Doc. #383, p. 3). This determination, in addition to the Court's finding of Hyppolite's prior felony drug convictions, made him subject to a statutory mandatory minimum sentence of life imprisonment. See 21 U.S.C. § 841(b)(1)(A)(iii).[5] Considering the jury's determination that Petitioner's conspiracy involved more than 280 grams of cocaine base (and this Court's finding of his three prior felony drug convictions), he was not

_____

[4] Petitioner asserts his second challenge under Ground Two in his second motion to amend. (Cv. Doc. #11). The Court grants this motion to the extent it addresses his claim above.

[5] Apprendi v. New Jersey, 530 U.S. 466 (2000) requires that, other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt.

eligible for a sentence less than life imprisonment. Petitioner has, therefore, failed to show any prejudice.

Next, the Eleventh Circuit rejected similar arguments on direct appeal. First, Hyppolite's co-conspirator, Neheme Ductant, argued the Court erred in failing to make an individualized finding as to the amount of crack cocaine attributable to him at sentencing. (See Appellant's Br., United States v. Hyppolite, 13-10471 (11th Cir. Nov. 25, 2013)). Second, Hyppolite argued that there was insufficient evidence to support the jury's drug and quantity verdict. (See Appellant's Br., United States v. Hyppolite, 13-10471 (11th Cir. Nov. 25, 2013)). The Eleventh Circuit found (1) the government did not have to show the particular quantity of drugs attributable to each defendant for purposes of establish a conspiracy and (b) the evidence was sufficient to establish the quantity of drugs at issue. See Hyppolite, 609 F. App'x at 603 n.4 (citing United States v. Curbelo, 726 F.3d 1260, 1268-1271 (11th Cir. 2013)).

Lastly, to the extent Petitioner alleges the evidence was insufficient to find he conspired to manufacture, possess with intent to distribute, and distribute 280 grams or more of crack cocaine, the Court disagrees. "To convict a defendant of conspiracy under 21 U.S.C. § 846, the Government must prove (1) an agreement existed between the defendant and at least one other

person, (2) the defendant knew the object of the conspiracy and the object was illegal, and (3) the defendant knowingly and voluntarily participated in the conspiracy." Curbelo, 726 F.3d at 1269. Notably, the evidence does not need to show that a defendant himself manufactured, possessed with intent to distribute, and distributed 280 grams or more of crack cocaine. See id. (citing Salinas v. United States, 522 U.S. 52, 63 (1997). "Instead, the Government only needed to prove Defendant joined a conspiracy that had the 'object' of manufacturing or possession with intent to distribute more than" 280 grams of crack cocaine." Id. (citing 21 U.S.C. § 846). "The partners in the criminal plan must agree to pursue the same criminal objective and may divide up the work, **yet each is responsible for the acts of each other**." Id. (citations omitted) (emphasis added).

At trial, Hyppolite was identified as a mid-level manager of the drug trafficking organization ("DTO") who oversaw and sold crack cocaine from the Kimble Drive apartment, sold crack cocaine from the Breeze Drive apartment, and recruited other members. In July 2011, law enforcement intercepted phone calls with a number associated with co-conspirator, Rick Jean. Those calls concerned communications between Hyppolite and several other co-conspirators about crack cocaine, money, and the like.

In April 2011, confidential informant, Beth Ann Torta ("Torta") began purchasing cocaine from DTO members. Torta had direct contact with Hyppolite and other members and began purchasing crack cocaine from them for over one year. On May 26, 2011, Torta purchased $100 worth of crack cocaine from member, Rick Jean. Hyppolite was also present during the transaction. Thereafter, on June 29, 2011, Torta purchased $100 worth of crack cocaine from Hyppolite at the Kimble Drive distribution house. On October 18, 2011, law enforcement executed search warrants at multiple residences associated with the conspiracy. Hyppolite was found at the Kimble Drive location with, among other things, two grams of crack cocaine, a crack pipe, and $956.

Torta specifically testified that she had observed "ounces, and ounces, and ounces, and ounces" of crack cocaine at the traps over time. (Cr. Doc. #494, p. 212). Michael Dupin, who joined the conspiracy in or about June 2011 (which was after Hyppolite claims he joined it) testified that, during his three or four months working at one of the traps, he saw a total of 11 or 12 cookies of cocaine and, at least half a dozen times, observed multi-ounces of crack cocaine. Jennifer Sander, a low-level member of the conspiracy, testified that she personally had sold thousands of dollars' worth of crack cocaine and estimated that she was personally responsible for distributing more than ten ounces of

crack cocaine.  Given the quantities distributed by the lower-level individuals, it is reasonably foreseeable that Hyppolite conspired to manufacture, possess with intent to distribute, and distribute more than 280 grams of crack cocaine given his role in the conspiracy.  His second challenge is, therefore, rejected.  In sum, considering all the above, the Court finds Ground Two is denied.

## C. Ground Three:  Failure to Object to Criminal History Points

Under Ground Three, Petitioner argues trial counsel rendered ineffective assistance of counsel in failing to object to the calculation of his criminal history points under the Presentence Investigation Report.  (Cr. Docs. #671, p. 7; #672, pp.5-6; Cv. Doc. #1, p. 7; #2, pp. 5-6).  Hyppolite alleges he should have not received points for certain offenses because the sentences ran concurrent or he did not serve enough prison time for specific offenses to count.  The government responds that Petitioner's argument fails for two reasons.  (Cv. Doc. #8, p. 12-13).  First, the government states regardless of his total criminal history points, his Criminal History Category was required to be a Category VI given his career offender status.  (Id.).  Second, and most important, the government argues an objection to the calculation of Hyppolite's Guidelines range would have been pointless considering he faced a mandatory sentence of life imprisonment.

(Id., p. 12).  The Court agrees and finds no ineffective assistance of counsel.

First, regardless of his total criminal history points, Hyppolite's Criminal History Category was mandated to be VI under the Sentencing Guidelines.  See U.S.S.G. § 4B1.1(b) ("A career offender's criminal history category in every case under this subsection shall be Category VI.").  Second, due to his three prior felony drug convictions, he faced a mandatory minimum sentence of life imprisonment, which, as stated above, replaced his Guidelines range.  Thus, for these reasons, counsel's objection to Hyppolite's criminal history points would have been futile in an effort to affect his term of imprisonment.  As a result, Petitioner has failed to set forth a claim for ineffective assistance of trial or appellate counsel.  Ground Three is, therefore, denied.

**D. Ground Four:  Insufficient Evidence to Support Count Eleven**

Petitioner maintains counsel erred in failing to assert on appeal there was insufficient evidence to convict him of aiding and abetting the distribution of cocaine under Count Eleven.  (Cr. Doc. #671, pp. 8-9; #672, pp. 6-7; Cv. Doc. #1, pp. 8-9; #2, pp. 6-7).  The government argues Ground Four fails because the evidence showed he distributed crack cocaine and it was unnecessary for Petitioner to be found guilty of both distribution and aiding and

abetting under Count Eleven. (Cv. Doc. #8, pp. 13-14). The Court agrees with the government.

Count Eleven charged that Petitioner did "knowingly and willfully distribute and aid and abet the distribution" of crack cocaine on or about September 27, 2011. (Cr. Doc. #282). It was not necessary for Hyppolite to be found guilty of both distribution and aiding and abetting. See United States v. Mozie, 752 F.3d 1271, 1283-84 (11th Cir. 2014) (internal citations and quotations omitted) (superseded by statute on other grounds) ("[W]e have held again and again that where an indictment charges in the conjunctive several means of violating a statute, a conviction may be obtained on proof of only one of the means.").

Petitioner does not dispute that he distributed crack cocaine on September 27, 2011. The Court finds the evidence was sufficient to convict him of distribution under Count Eleven. To convict a defendant of distribution of a controlled substance, the government must prove three elements: "(1) knowledge; (2) possession; and (3) intent to distribute." United States v. Flanders, 752 F.3d 1317, 1332 (11th Cir. 2014) (citation omitted).

The evidence was sufficient for a reasonable jury to conclude that Hyppolite distributed crack cocaine under Count Eleven. At trial, Jennifer Nicole Sander ("Sander") testified that on September 27, 2011, she, along with Torta, purchased crack cocaine

from "Mike Larry" at a shed on Kimble Drive. (Cr. Doc. #491, pp. 258-260). Torta corroborated this testimony at trial, testifying that she purchased crack cocaine from "Bo" on September 27, 2011, in the presence of Sander. (Cr. Doc. #495, p. 164). Torta identified "Bo" and "Mike" as Hyppolite. (Id., p. 147). Because the evidence was sufficient to convict Hyppolite of distribution under Count Eleven, Petitioner fails to show any error by trial or appellate counsel. Accordingly, Ground Four is denied.

**E. Ground Five: Insufficient Evidence to Support Count One**

Under Ground Five, Petitioner contends appellate counsel rendered ineffective assistance of counsel by failing to assert on appeal that his mere presence at the scene of illegal activity was insufficient to sustain a conviction for conspiracy under Count One. (Cr. Doc. #672, pp. 7-8; Cv. Doc. #2, pp. 7-8). The government asserts Ground Five fails because (a) the sufficiency of the evidence as related to Count One was raised and resolved on direct appeal and (b) Petitioner's conclusory allegations are inadequate to state a claim for ineffective assistance of counsel. (Cv. Doc. #8, pp. 14-15). For the reasons below, the Court finds Ground Five is due to be denied.

First, the Court already rejected defense counsel's argument at trial that Hyppolite's mere presence in the illegal activity did not make him an active part of the conspiracy. (Cr. Doc. #497,

pp. 72, 82).  Still unpersuaded by Hyppolite's argument, the Court reiterates its finding that the evidence was sufficient to justify a guilty verdict as to Petitioner under Count One.  (Id., p. 82).

Second, appellate counsel's decision to forego the "mere presence" argument was reasonable since there was ample evidence of the conspiracy in this case.  The Eleventh Circuit specifically found "unavailing" the argument that the evidence was insufficient to establish a single conspiracy.  Hyppolite, 609 F. App'x at 603 n.4.  While Petitioner is correct that mere presence is insufficient to establish a conspiracy, United States v. Jimenz, 564 F.3d 1280, 1285 (11th Cir. 2009), the evidence presented at Petitioner's trial indicated much more than mere presence.  Indeed, the evidence introduced at trial showed Hyppolite sold crack cocaine from more than one trap house and had many intercepted communications with other co-conspirators about crack cocaine, money, and related matters.  Additionally, upon Hyppolite's arrest, law enforcement found, among other things, crack cocaine, drug paraphernalia, and $956.

The jury was also specifically instructed that mere presence was not enough:

> But simply being present at the scene of an event or merely associating with certain people and discussing common goals and interests does not establish proof of a conspiracy.  Also a person who does not know about a conspiracy but happens to act in a way

that advances some purpose of one does not
automatically become a conspirator.

(Cr. Doc. #378, pp. 12-13). The jury found that a conspiracy

existed and Petitioner was a participant, and the Court does not

find error in the attorney's choice of appellate issues.

Accordingly, Ground Five is denied.

## F. Ground Six:  Validity of Prior Drug Convictions for Sentence Enhancement under U.S.S.G. § 4B1.1

Petitioner asserts Ground Six in his first motion to amend

his § 2255 motion.  (Cv. Doc. #10).  As stated above, the Court

grants this motion to the extent it addresses his argument below.

In relying upon Mathis v. United States, 136 S. Ct. 2243

(2016), Petitioner argues that his Florida convictions for the

sale, manufacture, delivery, or possession of cocaine do not

qualify as "controlled substance offense[s]" under U.S.S.G. §

4B1.1(a).  (Cv. Doc. #10).  The Court disagrees.

Under the 2014 United States Sentencing Guidelines Manual, a

defendant convicted of a controlled substance offense is a career

offender under § 4B1.1(a) if he "has at least two prior felony

convictions of . . . a controlled substance offense."  Crucial

here, the Guidelines define a "controlled substance offense" as:

> an offense . . . under . . . state law,
> punishable by imprisonment for a term
> exceeding one year, that prohibits the
> manufacture, import, export, distribution or
> dispensing of a controlled substance . . . or
> the possession of a controlled substance . .

. with intent to manufacture, import, export, distribute, or dispense.

U.S.S.G. § 4B1.2(b).

Hyppolite's Base Offense Level was a 32 based upon the jury's finding that the cocaine base involved in the conspiracy exceeded 280 grams. (Cr. Doc. #501, p. 20). Petitioner was deemed a career offender because he was at least 18 years-old when he committed the underlying controlled substance offenses, and he had the following prior felony convictions for a controlled substance offense:

- Sale or Delivery of Cocaine, in the Circuit Court, Twentieth Judicial Circuit, in Lee County, Florida (Case No. 07-CF-19769); and

- Possession of Cocaine with Intent to Sell/Manufacture/Deliver, in the Circuit Court, Eleventh Judicial Circuit, in Dade County, Florida (Case No. F08-23084B)

As a career offender, Hyppolite's Total Offense Level became 37 and his Criminal History Category was a VI. (Id., p. 30). Petitioner alleges that, under Mathis, his prior convictions for the sale, manufacture, delivery, or possession of cocaine under Fla. Stat. § 893.13 do not qualify as "controlled substance offense[s]" and, therefore, he is not eligible for a career offender sentencing enhancement. (Cv. Docs. #10; #11). Ground Six fails for two reasons.

First, Hyppolite's reliance on Mathis is misplaced. This Court has already held that "[n]othing in *Mathis* . . . suggests that the sale of cocaine under Florida Statute § 893.13 is no longer a serious drug offense under § 4B1.2." Alterma v. United States, No. 2:16-CV-450-FTM-38CM, 2017 WL 3537527, at *3 (M.D. Fla. Aug. 17, 2017); see also Ceasar v. United States, No. 2:17-CV-308-FTM-38MRM, 2018 WL 1964197, at *4-5 (M.D. Fla. Apr. 26, 2018) (citing United States v. Pridgeon, 853 F.3d 1192, 1197-98 (11th Cir. 2017); United States v. Hill, 652 F. App'x 835, 836 (11th Cir. 2016)). The Eleventh Circuit has held an offense under Fla. Stat. § 893.13 qualifies as a predicate "controlled substance offense" for career offender status pursuant to U.S.S.G. § 4B1.2(b). See United States v. Smith, 775 F.3d 1262, 1268 (11th Cir. 2014). Because Petitioner's prior conviction was a serious drug offense, the Court finds that Hyppolite's Guidelines range was properly calculated. Thus, there was no deficient performance by either counsel.

Second, the Court finds Petitioner has failed to show prejudice because his mandatory minimum sentence of life imprisonment under Count One supplanted his Guidelines calculation. He has, therefore, failed to show a reasonable probability that he would have received a more favorable sentence under Mathis. Consequently, Ground Six is denied.

**G. Ground Seven: Ineffective Assistance of Counsel During Plea Discussions**

Lastly, Petitioner asserts Ground Seven in his third motion to amend his § 2255 motion and sworn declaration. (Cv. Doc. #12, pp. 4-7; #12-5). As the Court stated above, Petitioner's third motion to amend is granted to the extent Hyppolite's claim is discussed below.

Under Ground Seven, Petitioner asserts defense counsel did not adequately explain his potential sentencing consequences before he pled not guilty and proceeded to trial. (Id.). In particular, Hyppolite asserts that, when the government filed its 21 U.S.C. § 851 notice to enhance Hyppolite's sentence, defense counsel told him he did not qualify for a sentence enhancement of mandatory life imprisonment because he needed at least three prior felony drug convictions (although the statute only required two). (Id.).

Even assuming defense counsel performed deficiently, the Court finds Hyppolite has failed to show prejudice. "To establish prejudice based on ineffective assistance in deciding whether to plead guilty or go to trial, a defendant must show that there is a reasonable probability that, but for counsel's errors, he would . . . have pleaded guilty and would [not] have insisted on going

to trial." <u>Pericles v. United States</u>, 567 F. App'x 776, 781-782 (11th Cir. 2014) (internal citation and quotation marks omitted).

Petitioner has not demonstrated prejudice because he cannot show a reasonable probability he would have entered a guilty plea if counsel had properly informed him of his sentencing consequences. First, Petitioner makes conflicting statements as to whether he actually would have entered a straight plea. At one point, he says he informed his lawyer he wanted to make a plea. (Cv. Doc. #12-5). Then, he states he told defense counsel he was *willing* to plea, wanted counsel to *see* about a plea, and a plea would have been accepted since it would have notified the Court and government he would have accepted responsibility prior to trial. (Cv. Docs. #12, p. 4; #12-5) (emphasis added). Petitioner's statements are contradictory and unpersuasive.

Second, Petitioner's "after the fact testimony concerning his desire to plead, without more, is insufficient to establish that but for counsel's alleged advice or inaction, he would have accepted the plea offer." <u>Diaz</u>, 930 F.2d at 835 (rejecting defendant's claim he would have accepted a plea agreement when he had not indicated any desire to plead guilty prior to his conviction). Although Petitioner says he would have pled guilty instead of insisting on proceeding to trial, he strongly advocated

his innocence at trial (and on appeal) and did not indicate he was willing the plead otherwise.

Third, Petitioner fails to cite or provide any evidence showing he expressed a desire to enter a straight plea prior to filing his third motion to amend his § 2255 motion. The only evidence Petitioner has offered to support his claim that he would have entered an open plea is his own self-serving statements, which the Eleventh Circuit has held is insufficient, by itself, to show prejudice. See Chun Hei Lam v. United States, 716 F. App'x 850, 853 (11th Cir. 2017) (citing Diaz, 903 F.2d at 835)). Besides his "after the fact testimony," Hyppolite has failed to show a reasonable probability that, but for his counsel's errors, he would have entered a straight plea without the benefit of a plea agreement. Diaz, 930 F.2d at 835. Considering all the above, the Court finds Ground Seven does not warrant relief.

Accordingly, it is now

**ORDERED:**

1. Petitioner Jophaney Hyppolite's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cr. Doc. #671; Cv. Doc. #1) is **DENIED**.

2. Petitioner's requests for an evidentiary hearing and the appointment of counsel are **DENIED**.

3. Petitioner's Motion to Amend Petitioner's Motion to Vacate (Cv. Doc. #10), Motion for Leave to Amend His Original Pending Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Cv. Doc. #11), and Third Amendment to Motion to Vacate (Cv. Doc. #12) are **GRANTED to the extent that the argument(s) were considered above**.

4. The Clerk of the Court shall enter judgment accordingly and close the civil file. The Clerk is further directed to place a copy of the civil Judgment in the criminal file.

**A CERTIFICATE OF APPEALABILITY (COA) AND LEAVE TO APPEAL *IN FORMA PAUPERIS* ARE DENIED.** A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1); <u>Harbison v. Bell</u>, 556 U.S. 180, 183 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(B)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," <u>Tennard v. Dretke</u>, 542 U.S. 274, 282 (2004), or that "the issues presented were adequate to deserve encouragement to proceed further," <u>Miller-El v. Cockrell</u>, 537 U.S.

322, 336 (2003) (citations omitted).  Petitioner has not made the requisite showing in these circumstances.  Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

   **DONE** and **ORDERED** in Fort Myers, Florida this  30th  day of September, 2019.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE


Copies:
All Parties of Record